IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION

| | |
|---|---|
| CHRISTINA CREDEUR, and<br>MATHEW CREDEUR,<br><br>    Plaintiffs,<br><br>    v.<br><br>JONATHAN SCOTT TURNER, Individually,<br>and agent and/or employee of<br>D&S HAULERS, LLC., and<br>D & S HAULERS, LLC., Individually<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  2:22-cv-2119<br>)  COMPLAINT AND DEMAND<br>)  FOR JURY TRIAL<br>)<br>)<br>)<br>) |

### COMPLAINT AT LAW

NOW COME the Plaintiffs, CHRISTINA CREDEUR and MATHEW CREDEUR, by and through their attorneys, DISPARTI LAW GROUP, P.A., and hereby alleges the following as their Complaint at Law:

### PARTIES

1. The Plaintiff CHRISTINA CREDEUR, is an adult resident of the state of Louisiana.

2. The Plaintiff MATHEW CREDEUR, is an adult resident of the state of Louisiana.

3. Upon information and belief, defendant JONATHAN SCOTT TURNER, is an adult resident of the state of Mississippi.

4. Upon information and belief, defendant D & S Haulers, LLC., is a limited liability company organized under the laws of Mississippi since August 10th, 2000, with its headquarters located at 1111 County Road 18, Water Valley, Mississippi, 38965. It operates as a carrier in interstate commerce, including doing substantial business in the state of Illinois, under the USDOT number 896998 and MC Number 390891. The registered agent for D & S Haulers, LLC, is Sasha Hyde, who is listed as being located at 1111 County Road 18, Water Valley, Mississippi, 38965.

## JURISDICTION AND VENUE

5. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. Section 1332(a)(1) because the parties are citizens of different states of the United States of America, and the amount in controversy between the parties exceeds the sum of $75,000.00, exclusive of interest and costs.

6. The court has personal jurisdiction over the Defendants because, at all times material hereto, they transacted business in the State of Illinois by traveling upon its roadways in the course of their employment and as part of their operations.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391 because a substantial part of the events giving rise to the Plaintiffs' claims occurred in this district. Specifically, the conduct and collision occurred in Coles County, Illinois.

## FACTS COMMON TO ALL CLAIMS

8. That on October 10th, 2013, D & S Haulers, LLC., USDOT #896998 and MC # 390891, was issued its motor carrier authority by the United States Department of Transportation, Federal Motor Carrier Safety Administration (FMCSA), authorizing it to engage as a carrier of property by motor vehicle in interstate commerce.

9. That from October 10th, 2013 to June 11th, 2020, D & S Haulers, LLC., was a company which, upon information and belief, owned multiple trucks and employed multiple drivers to perform its business operations of transporting goods in interstate commerce.

10. That between the aforementioned dates, D & S Haulers, LLC., was subject to compliance with the Federal Motor Carrier Safety Regulations (FMSCRs) that are specifically designed and implemented to ensure only reasonably safe motor carriers and commercial drivers operate on the highways and roadways of the United States of America with the motoring public and other such commercial drivers.

11. That on June 11th, 2020, Christina Credeur was operating a 2019 Ford truck, owned by FLH Pilot Car, LLC, northbound on Interstate 57 approximately a quarter mile north of milepost 188, Lafayette Township, Coles County, Illinois.

12. That on June 11th, 2020, Mathew Credeur was operating a 2021 Peterbilt truck, owned by Southern Select Transport, northbound on Interstate 57 approximately a quarter mile north of milepost 188, Lafayette Township, Coles County, Illinois.

13. That on June 11th, Jonathan Scott Turner, was operating a 2016 Freightliner truck tractor, owned by D & S Haulers, LLC., southbound on Interstate 57 approximately a quarter mile north of milepost 188, Lafayette Township, Coles County, Illinois.

14. That at approximately 1437 hours, the vehicle being operated by Jonathan Scott Turner driving southbound on Interstate 57, caused the vehicle he was operating to cross both lanes of southbound travel, crossing through the median, and into the northbound lanes of Interstate 57.

15. Upon crossing into the northbound lanes of Interstate 57, the vehicle operated by Turner struck the rear driver side of the trailer attached to Mathew Credeur's vehicle, forcing Credeur from the roadway.

16. As a result of the impact with Credeur's trailer, Turner's tractor and trailer flipped onto their right side and began to slide southbound in the northbound lanes of Interstate 57.

17. While sliding, Turner's trailer struck another motorist, not a party to this action, James E. Winn, maintains his own action pending before this court, Docket No. 1:21-cv-03387.  Turner's trailer struck Winn's vehicle in the passenger side.

18. As Turner's vehicle continued to slide southbound the trailer collided with Christina Credeur's vehicle which was travelling northbound in the right-hand lane.  The trailer continued to slide southbound, pushing Christina Credeur's vehicle as it did so.  Christina Credeur's vehicle came to rest in the median facing south.

19. Turner's truck tractor came to rest on its passenger side in the median, its trailer remained attached, causing double lane blockage.

20. The trailer had ripped open due to the collisions and spilled its contents upon the northbound lanes of I-57 and subsequently the trailer itself caught fire.

21. That as a result of the collision, Christina Credeur, suffered severe and permanent injuries, and was caused to incur substantial medical expenses, pain and suffering, mental anguish, emotional distress, and other damages.

22. That as a result of the collision, Mathew Credeur, suffered severe and permanent injuries, and was caused to incur substantial medical expenses, pain and suffering, mental anguish, emotional distress, and other damages.

<u>**COUNT I**</u>
<u>**NEGLIGENCE- AUTOMOBILE COLLISION**</u>
<u>**CHRISTINA CREDEUR v. JONATHAN SCOTT TURNER, INDIVIDUALLY**</u>

23. That at all times relevant, Defendant JONATHAN SCOTT TURNER had a duty to operate, manage, maintain, and control his tractor trailer with ordinary and reasonable care so as to not cause injury to others, including Plaintiff.

24. That at the aforementioned time and place, and notwithstanding the aforesaid duty, Defendant, JONATHAN SCOTT TURNER, then and there negligently did, or failed to do, one or more of the following acts and/or omissions:

   a. Operated the tractor trailer on the wrong side of Interstate 57 in violation of 625 ILCS 5/11-708(d);

   b. Operated the tractor trailer in the wrong lanes, in violation of 625 ILCS 5/11-709(a);

   c. Operated the tractor trailer with reckless disregard for the safety of others, including the Plaintiff, contrary to, and in violation of 625 5/11-503;

    d.  Filed to keep a proper lookout with regard to traffic conditions and the use of the highway, in violation of 625 ILCS 5/11-601;

    e.  Operated said tractor trailer with a careless and negligent disregard for the safety of persons or property, contrary to and in violation of 625 ILCS 5/11-503(a).

    f.  Operated said tractor trailer so as to block all northbound lanes of Interstate 57 in a perpendicular fashion, causing collision with plaintiff.

    g.  Operated his vehicle in violation of state and federal motor carrier safety act regulations that required that he log his hours driven and take mandatory rest periods.

25. That as a direct and proximate result of one or more of the aforementioned acts and/or omissions by Defendant, JONATHAN SCOTT TURNER, Plaintiff CHRISTINA CREDEUR, suffered multiple injuries, both internally and externally, of a personal and pecuniary nature, which caused pain in body and mind, and related damages as a result thereof.

**COUNT II**
**NEGLIGENCE- AUTOMOBILE COLLISION**
**MATHEW CREDEUR v. JONATHAN SCOTT TURNER, INDIVIDUALLY**

26. That at all times relevant, Defendant JONATHAN SCOTT TURNER had a duty to operate, manage, maintain, and control his tractor trailer with ordinary and reasonable care so as to not cause injury to others, including Plaintiff.

27. That at the aforementioned time and place, and notwithstanding the aforesaid duty, Defendant, JONATHAN SCOTT TURNER, then and there negligently did, or failed to do, one or more of the following acts and/or omissions:

    a.  Operated the tractor trailer on the wrong side of Interstate 57 in violation of 625 ILCS 5/11-708(d);

    b.  Operated the tractor trailer in the wrong lanes, in violation of 625 ILCS 5/11-709(a);

5

    c. Operated the tractor trailer with reckless disregard for the safety of others, including the Plaintiff, contrary to, and in violation of 625 5/11-503;

    d. Filed to keep a proper lookout for traffic conditions and the use of the highway, in violation of 625 ILCS 5/11-601;

    e. Operated said tractor trailer with a careless and negligent disregard for the safety of persons or property, contrary to and in violation of 625 ILCS 5/11-503(a).

    f. Operated said tractor trailer so as to block all northbound lanes of Interstate 57 in a perpendicular fashion, causing collision with plaintiff.

    g. Operated his vehicle in violation of state and federal motor carrier safety act regulations that required that he log his hours driven and take mandatory rest periods.

28. That as a direct and proximate result of one or more of the aforementioned acts and/or omissions by Defendant, JONATHAN SCOTT TURNER, Plaintiff MATHEW CREDEUR, suffered multiple injuries, both internally and externally, of a personal and pecuniary nature, which caused pain in body and mind, and related damages as a result thereof.

<u>**COUNT III**</u>
<u>**NEGLIGENCE- AUTOMOBILE COLLISION**</u>
<u>**CHRISTINA CREDEUR v. JONATHAN SCOTT TURNER, AS**</u>
<u>**EMPLOYEE/AGENT OF D & S HAULERS, LLC.,**</u>

29. That at all times relevant, Defendant JONATHAN SCOTT TURNER, as agent and/or employee of Defendant D & S HAULERS, LLC, had a duty to operate, manage, maintain, and control his tractor trailer with ordinary and reasonable care so as to not cause injury to others, including Plaintiff.

30. That at all times relevant, Defendant JONATHAN SCOTT TURNER, operated his truck in the course and scope of his employment and/or agency with D &S HAULERS, LLC.

31. That at the aforementioned time and place, and notwithstanding the aforesaid duty, Defendant, JONATHAN SCOTT TURNER, then and there negligently did, or failed to do, one or more of the following acts and/or omissions:

    a. Operated the tractor trailer on the wrong side of Interstate 57 in violation of 625 ILCS 5/11-708(d);

    b. Operated the tractor trailer in the wrong lanes, in violation of 625 ILCS 5/11-709(a);

    c. Operated the tractor trailer with reckless disregard for the safety of others, including the Plaintiff, contrary to, and in violation of 625 5/11-503;

    d. Filed to keep a proper lookout with regard to traffic conditions and the use of the highway, in violation of 625 ILCS 5/11-601;

    e. Operated said tractor trailer with a careless and negligent disregard for the safety of persons or property, contrary to and in violation of 625 ILCS 5/11-503(a).

    f. Operated said tractor trailer so as to block all northbound lanes of Interstate 57 in a perpendicular fashion, causing collision with plaintiff.

    g. Operated his vehicle in violation of state and federal motor carrier safety act regulations that required that he log his hours driven and take mandatory rest periods.

32. That as a direct and proximate result of one or more of the aforementioned acts and/or omissions by Defendants, JONATHAN SCOTT TURNER, as employee and/or agent of D & S Haulers, LLC., Plaintiff CHRISTINA CREDEUR, suffered multiple injuries, both internally and externally, of a personal and pecuniary nature, which caused pain in body and mind, and related damages as a result thereof.

## COUNT IV
## NEGLIGENCE- AUTOMOBILE COLLISION
## MATHEW CREDEUR v. JONATHAN SCOTT TURNER, AS EMPLOYEE/AGENT OF D & S HAULERS, LLC.,

33. That at all times relevant, Defendant JONATHAN SCOTT TURNER, as agent and/or employee of Defendant D & S HAULERS, LLC, had a duty to operate, manage, maintain, and control his tractor trailer with ordinary and reasonable care so as to not cause injury to others, including Plaintiff.

34. That at all times relevant, Defendant JONATHAN SCOTT TURNER, operated his truck in the course and scope of his employment and/or agency with D &S HAULERS, LLC.

35. That at the aforementioned time and place, and notwithstanding the aforesaid duty, Defendant, JONATHAN SCOTT TURNER, then and there negligently did, or failed to do, one or more of the following acts and/or omissions:

   a. Operated the tractor trailer on the wrong side of Interstate 57 in violation of 625 ILCS 5/11-708(d);

   b. Operated the tractor trailer in the wrong lanes, in violation of 625 ILCS 5/11-709(a);

   c. Operated the tractor trailer with reckless disregard for the safety of others, including the Plaintiff, contrary to, and in violation of 625 5/11-503;

   d. Filed to keep a proper lookout with regard to traffic conditions and the use of the highway, in violation of 625 ILCS 5/11-601;

   e. Operated said tractor trailer with a careless and negligent disregard for the safety of persons or property, contrary to and in violation of 625 ILCS 5/11-503(a).

   f. Operated said tractor trailer so as to block all northbound lanes of Interstate 57 in a perpendicular fashion, causing collision with plaintiff.

g.  Operated his vehicle in violation of state and federal motor carrier safety act regulations that required that he log his hours driven and take mandatory rest periods.

36. That as a direct and proximate result of one or more of the aforementioned acts and/or omissions by Defendants, JONATHAN SCOTT TURNER, as employee and/or agent of D & S Haulers, LLC., Plaintiff MATHEW CREDEUR, suffered multiple injuries, both internally and externally, of a personal and pecuniary nature, which caused pain in body and mind, and related damages as a result thereof.

**COUNT V**
**NEGLIGENCE-TRAINING AND SUPERVISION**
**CHRISTINA CREDEUR v. D & S HAULERS, LLC.**

37. That at all times relevant, Defendant JONATHAN SCOTT TURNER, as agent and/or employee of Defendant D & S HAULERS, LLC, had a duty to operate, manage, maintain, and control his tractor trailer with ordinary and reasonable care so as to not cause injury to others, including Plaintiff.

38. That at all times relevant, Defendant JONATHAN SCOTT TURNER, operated his truck in the course and scope of his employment and/or agency with D &S HAULERS, LLC.

39. That at all times relevant, Defendant D & S HAULERS, LLC., had a duty to train and supervise its employees and agents to ensure that they were following mandatory Federal Motor Carrier Safety Act and Illinois regulations pertaining to the safe operation of large trucks.

40. That at the aforementioned time and place, and notwithstanding the aforesaid duty, Defendant, D & S HAULERS, then and there negligently did, or failed to do, one or more of the following acts and/or omissions:

a.  Failed to train or otherwise instruct its driver Jonathan Scott Turner, on how to safely operate the subject truck;

    b. Failed to train or otherwise instruct and supervise its driver, Johnathan Scott Turner, on the required maximum hours of vehicle operation and mandatory break periods as required by law;

    c. Failed to enforce through its training and supervision, compliance with applicable safety regulations and policies;

    d. Otherwise failed to properly train and supervise Johnathan Scott Turner in the operation of the aforesaid vehicle, resulting in him driving across four lanes of Interstate 57.

41. That as a direct and proximate result of one or more of the aforementioned acts and/or omissions by Defendant, D & S Haulers, LLC., Plaintiff CHRISTINA CREDEUR, suffered multiple injuries, both internally and externally, of a personal and pecuniary nature, which caused pain in body and mind, and related damages as a result thereof.

## COUNT VI
## NEGLIGENCE-TRAINING AND SUPERVISION
## MATHEW CREDEUR v. D & S HAULERS, LLC.

42. That at all times relevant, Defendant JONATHAN SCOTT TURNER, as agent and/or employee of Defendant D & S HAULERS, LLC, had a duty to operate, manage, maintain, and control his tractor trailer with ordinary and reasonable care so as to not cause injury to others, including Plaintiff.

43. That at all times relevant, Defendant JONATHAN SCOTT TURNER, operated his truck in the course and scope of his employment and/or agency with D &S HAULERS, LLC.

44. That at all times relevant, Defendant D & S HAULERS, LLC., had a duty to train and supervise its employees and agents to ensure that they were following mandatory Federal Motor Carrier Safety Act and Illinois regulations pertaining to the safe operation of large trucks.

45. That at the aforementioned time and place, and notwithstanding the aforesaid duty, Defendant, D & S HAULERS, then and there negligently did, or failed to do, one or more of the following acts and/or omissions:

    a. Failed to train or otherwise instruct its driver Jonathan Scott Turner, on how to safely operate the subject truck;

    b. Failed to train or otherwise instruct and supervise its driver, Johnathan Scott Turner, on the required maximum hours of vehicle operation and mandatory break periods as required by law;

    c. Failed to enforce through its training and supervision, compliance with applicable safety regulations and policies;

    d. Otherwise failed to properly train and supervise Johnathan Scott Turner in the operation of the aforesaid vehicle, resulting in him driving across four lanes of Interstate 57.

46. That as a direct and proximate result of one or more of the aforementioned acts and/or omissions by Defendant, D & S Haulers, LLC., Plaintiff MATHEW CREDEUR, suffered multiple injuries, both internally and externally, of a personal and pecuniary nature, which caused pain in body and mind, and related damages as a result thereof.

                                    Respectfully Submitted:

                                    /s/ Amanda M. Martin

                                    Attorney For Plaintiffs

Amanda M. Martin
ARDC No. 6275447
Disparti Law Group, P.A.
121 West Wacker Drive, Suite 2300
Chicago, IL 60601
(312)506-5511 ext. 355
amartin@dispartilaw.com

11